J-S10028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIAN VINCENT CROSBY | : | |
| | : | |
| Appellant | : | No. 1258 MDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000030-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED MAY 26, 2022**

Julian Vincent Crosby appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Crosby also filed a *pro se* "Motion to Proceed *Pro Se*, pursuant to Pa. Const. Art. A § 9." In the motion, he requests to proceed *pro se* or with new appointed counsel and seeks an opportunity to raise claims that his PCRA counsel was ineffective, following the Pennsylvania Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). We vacate the order and remand for further proceedings.

Crosby is represented on appeal by the same counsel that represented him before the PCRA Court. In his motion, he seeks to proceed *pro se* or with new counsel and he lists the ineffectiveness claim he wishes to raise regarding

_____

[*] Retired Senior Judge assigned to the Superior Court.

PCRA counsel. Crosby seeks the right to proceed *pro se* or with new counsel, and this is his first opportunity to raise claims that his PCRA counsel was ineffective. He lists the issues in his motion, and their resolution is not clear from the record. We therefore will remand to the PCRA court for further proceedings. **See Bradley**, 261 A.3d at 401-02 (finding PCRA petition may raise PCRA counsel ineffectiveness claims at the first opportunity to do so, even if on appeal, and finding that an "appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter").

On remand, the PCRA court should hold a hearing pursuant **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Crosby should be permitted to proceed *pro se* or whether new counsel should be appointed. We further direct the PCRA court to allow further development of the claims that PCRA counsel was ineffective, either by Crosby *pro se* or through newly appointed counsel, and to dispose of such claims in the first instance.

Order vacated. Motion to proceed *pro se* denied as moot. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2022